UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK R. CALDWELL, | No. 2:18-cv-0712 WBS CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL SEXTON,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion asking that claim one in the petition be dismissed for failure to exhaust state court remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for writ of habeas corpus, respondent's motion to dismiss, and the evidence attached thereto, the court finds that petitioner has failed to exhaust state court

---

[1] Michael Sexton, the Warden and petitioner's place of incarceration, is hereby substituted as the respondent in this action. See Rule 2, Rules Governing Section 2254 Cases.

1

remedies with respect to ground one: "[Appellant] was denied his right to due process by the filing of an information charging an offense not in the complaint, and not support[ed] by probable cause at the preliminary hearing." This claim has not been presented to the California Supreme Court.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state court remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed; and

3. Petitioner be granted 30 days within which to file a petition for writ of habeas corpus which includes only the claims identified as claims 2 and 3 in his original petition.[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims, he will risk forfeiting consideration of the unexhausted claim in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. Instead of filing an amended petition, petitioner could file a motion for a stay of this action pending exhaustion of state court remedies with respect to ground 1. To be entitled to a stay, however, petitioner will have to show good cause for his failure to exhaust earlier, and that the unexhausted claim is potentially meritorious. Rhines v. Weber, 544 U.S. 269 (2005). Pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), petitioner could also move to stay any amended petition, which includes only those claims where state court remedies are exhausted, while he seeks to exhaust state court remedies with respect to other claims.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cald0712.103